SPOKANE ARCADES, INC., a Washington Corporation; Playtime Theatres, Inc., a Washington Corporation; J–R Distributors, Inc., a Washington Corporation; and Sportland Amusement, Inc., a Washington Corporation, Plaintiffs–Appellees,

v.

Donald C. BROCKETT, Prosecuting Attorney, etc., Defendants–Appellants,

and

The Honorable Dixie Lee Ray, as Governor of the State of Washington, et al., Defendants.

SPOKANE ARCADES, INC., a Washington Corporation; Playtime Theatres, Inc., a Washington Corporation; J–R Distributors, Inc., a Washington Corporation; and Sportland Amusement, Inc., etc., Plaintiffs–Appellees,

v.

The Honorable Dixie Lee RAY, as Governor of the State of Washington, in her representative capacity only, et al., Defendants,

and

Hon. Slade Gorton, as Attorney General of the State of Washington, in his representative capacity only, Defendant–Appellant.

Nos. 78–2369, 78–2520.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 10, 1980.

Decided Oct. 23, 1980.

Rehearing Denied Dec. 16, 1980.

Thomas F. Carr, Asst. Atty. Gen., Olympic, Wash., Donald C. Brockett, Pros. Atty., Spokane, Wash., for defendants–appellants.

Robert E. Smith, Atlanta, Ga., argued for plaintiffs–appellees; Ken Puro, Puro & Haynes, Seattle, Wash., Jack R. Burns, Hubbard & Burns, Inc., P. S., Kirkland, Wash., on brief.

Before KILKENNY and SNEED, Circuit Judges, and CALLISTER *, District Judge.

SNEED, Circuit Judge:

At issue is the constitutionality of Wash. Rev.Code §§ 7.48.050–100 (West Supp.1980),

a moral nuisance law, which is directed primarily at prohibiting the public sale or exhibition of obscene materials. Appellee, a Washington corporation engaged in the exhibition, sale, and distribution of sexually oriented materials, filed suit in federal district court, requesting declaratory and injunctive relief to prevent enforcement of the statute.

The district court declared the statute unconstitutional under the First Amendment but declined to grant injunctive relief. Appellees no longer contest the denial of injunctive relief. Guided by *Vance v. Universal Amusement Co., Inc.*, —— U.S. ——, 100 S.Ct. 1156, 63 L.Ed.2d 413 (1980), we affirm the district court's holding with respect to the unconstitutionality of the Washington statute. Jurisdiction of the district court rested on 28 U.S.C. § 1331(a), 28 U.S.C. § 1343, and 28 U.S.C. § 2202. Our jurisdiction rests on 28 U.S.C. § 1291.

I.

THE STATUTE

The statute declares a number of places and articles to be moral nuisances, including any place that repeatedly or as a regular course of business exhibits "lewd matter."[1] The attorney general, city or county prosecutors, or, upon payment of a bond, any citizen may bring an action in equity to abate and enjoin a moral nuisance. Wash. Rev.Code § 7.48.058.[2]

If the allegations of the complaint have been sustained "to the satisfaction of the court or judge," the court shall issue a temporary injunction against continuance of the nuisance. Unless the defendant demonstrates that the nuisance has been

---

* Honorable Marion J. Callister, United States District Judge for the District of Idaho, sitting by designation.

1. The statutory definition of "lewd matter" expressly incorporates the standards approved in *Miller v. California*, 413 U.S. 15, 24, 93 S.Ct. 2607, 2614, 37 L.Ed.2d 419 (1973). Wash.Rev. Code § 7.48.050(2).

Any place of business in which "lewd publications" constitute a principal part of the stock in trade is a moral nuisance. *Id.* § 7.48.052.

The furniture, fixtures, and contents of a place found to be a moral nuisance, as well as the proceeds from the sale or exhibition of obscene materials, are also labelled moral nuisances. *Id.* § 7.48.054.

2. If the complainant applies for a temporary injunction, a hearing on the application must be held within ten days. *Id.* § 7.48.060. Service of the complaint and notice to the defendant must be made at least three days before the hearing. *Id.* § .7.48.064.

abated, or unless the owner of the property has taken action as a "good faith" lessor to void the lease, the court shall also issue an order closing the place alleged to be a nuisance against use "for any purpose," pending trial and final decision of the case. *Id.* § 7.48.066.

The trial on the merits may be consolidated with the hearing for the temporary injunction, *id.* § 7.48.064; otherwise, the trial shall be scheduled for the first term of court and shall have priority over all other cases except crimes, election contests, or injunctions. *Id.* § 7.48.070. If the existence of the nuisance is established at trial, the court shall issue a permanent injunction against the maintenance of the nuisance, *id.* § 7.48.076, and the closing order will be extended for one year. *Id.* § 7.48.078.[3] Violation of any injunction issued under the statute is punishable as contempt. *Id.* § 7.48.080.[4]

## II.

### ABSTENTION

Appellants contend that under *Railroad Commission v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), the district court should have abstained from deciding this case so as to allow state courts the first opportunity to construe the statutory provisions. We disagree. The district court correctly held that *Pullman* abstention would be inappropriate.

First, appellee is not required to exhaust all state remedies prior to bringing this action in federal court. *Zwickler v. Koota*, 389 U.S. 241, 251, 88 S.Ct. 391, 397, 19 L.Ed.2d 444 (1967); *Vance*, 445 U.S. 308, 100 S.Ct. 1156, 63 L.Ed.2d 413. Second,

appellants do not allege that their statute is vague. Even if there are vagueness difficulties, the dispositive issue is whether the procedures are capable of a construction that could avoid the constitutional issues. We do not think that the procedures are capable of such a construction. Therefore, we conclude that *Pullman* abstention would not eliminate or materially alter the constitutional issues presented. *See Ohio Bureau of Employment Services v. Hodory*, 431 U.S. 471, 481, 97 S.Ct. 1898, 1904, 52 L.Ed.2d 513 (1976). That First Amendment rights of expression are at stake makes abstention all the more inappropriate. *Zwickler*, 389 U.S. at 252, 88 S.Ct. at 397; *See also Vance*, 445 U.S. 308, 100 S.Ct. 1156, 63 L.Ed.2d 413.

## III.

### THE TEMPORARY RESTRAINING ORDER

The statute permits a court, upon a showing of good cause, to issue a temporary *ex parte* restraining order prohibiting removal of or interference with the personal property and contents of a place alleged to be a nuisance. The stock in trade may not be restrained but an inventory and full accounting of all business transactions may be required. Wash.Rev.Code § 7.48.062. The purpose of the restraining order is apparently to prevent the removal of evidence or contraband; exhibition of any film or the sale of any publication is not forbidden. Hence, the order imposes no prior restraint.

The Supreme Court has indicated that restraints imposed for specified brief periods to preserve the status quo are permissible. *Southeastern Promotions, Ltd. v. Conrad*, 420 U.S. 546, 560, 95 S.Ct. 1239, 1247,

---

**3.** In addition, lewd matter shall be destroyed, and other personal property used in conducting the nuisance shall be sold, *id.* § 7.48.078; and all money and other consideration found to be a nuisance shall be forfeited to the local government. *Id.* § 7.48.090. Persons found to have maintained the nuisance shall be required to pay a three hundred dollar penalty as well as the costs of abating the nuisance. *Id.* §§ 7.48.-076, 7.48.078. The statute provides that owners of property used to maintain the nuisance who lack knowledge of the nuisance may re-

cover their personal property, *id.* § 7.48.078; they may also prevent the issuance of any closing or restraining order, or obtain the cancellation of any such order already issued, by filing a bond and giving assurance that the nuisance will be abated. *Id.* § 7.48.068.

**4.** Contempt may be punished by a fine of between two hundred and one thousand dollars, or imprisonment in the county jail for a term of between three and six months, or both. *Id.* § 7.48.080.

43 L.Ed.2d 448; *Heller v. New York*, 413 U.S. 483, 490, 93 S.Ct. 2789, 2793, 37 L.Ed.2d 745 (1973). Since this restraining order will expire within ten days after its issuance, Wash.Rev.Code § 7.48.060, we find it to be permissible.

## IV.

### THE ABATEMENT INJUNCTION

■ The statute permits a court to issue temporary and permanent injunctions against the maintenance of a nuisance. Wash.Rev.Code § 7.48.066. In reviewing this section, we are required to acknowledge that

"the burden of supporting an injunction against future exhibition is even heavier than the burden of justifying the imposition of a criminal sanction for a past communication."

*Vance*, 445 U.S. at 315, 100 S.Ct. at 1161. For the following reasons, we conclude that with respect to this section the heavy burden of justification has not been discharged. It constitutes an impermissible prior restraint.

First, the injunction may be issued if the allegations of the complaint are demonstrated "to the satisfaction of the court...." Wash.Rev.Code § 7.48.066. No limits are set forth in the statute to confine the discretion of the court to issue the temporary abatement injunction.

Second, there is no assurance that there will occur the required prompt final judicial determination on the merits. *Southeastern Promotions*, 420 U.S. at 560, 95 S.Ct. at 1247. The provision allowing permissive consolidation of the trial on the merits with the hearing for the temporary injunction is inadequate since there is no *assurance* that such a consolidation will occur. The priority provision is likewise inadequate. Requiring that the moral nuisance action be scheduled for the first term of court, and giving priority over other cases except crimes, election contests, and injunctions, does not offer the assurance of a prompt final determination. Though the Supreme Court has set no precise limits on the period within which a final judicial determination must be made, in *Freedman v. Maryland*, 380

U.S. 51, 55, 85 S.Ct. 734, 737, 13 L.Ed.2d 649 (1965), the Court suggested that four to six months was too long. *See also Southeastern Promotions*, 420 U.S. at 562, 95 S.Ct. at 1248. There is nothing in the Washington statute to assure that final decisions would be rendered in a shorter period.

Third, the injunction operates to prevent the sale or exhibition of named or unnamed films or publications in the future even though not yet declared obscene. Since a defense of nonobscenity presumably is unavailable at a trial for violation of an injunction, *see Walker v. Birmingham*, 388 U.S. 307, 87 S.Ct. 1824, 18 L.Ed.2d 1210 (1966), this type of prior restraint is "more onerous and more objectionable than the threat of criminal sanctions after a film has been exhibited." *Vance*, 445 U.S. at 316, 100 S.Ct. at 1161.

Fourth, the temporary injunction provision is not saved by the fact that it may be lifted if the owner/operator can show "to the satisfaction of the judge" that the nuisance has been abated. In addition to the imprecise standard given the court, the provision impermissibly shifts the burden of showing a lack of obscenity to the person operating the alleged nuisance. Both the burden of instituting proceedings and the burden of persuasion "must rest on the censor." *Southeastern*, 420 U.S. at 560, 95 S.Ct. at 1247; *Freedman*, 380 U.S. at 58–59, 85 S.Ct. at 738–739.

The abatement injunction provision lacks sufficient safeguards to comply with the First Amendment. As the Court stated in *Vance* :

"[T]he absence to any special safeguards governing the entry and review of orders restraining the exhibition of named or unnamed motion pictures, without regard to the context in which they are displayed, precludes the enforcement of these nuisance statutes against ... exhibitors."

445 U.S. at 317, 100 S.Ct. at 1162.

## V.

### THE CLOSURE ORDER

The statute permits a court to enter an order closing a place of business against use

"for any purpose" if such place is found to be a nuisance. The order is initially temporary, but after a final decision on the merits, it will be extended for one year. Wash. Rev.Code §§ 7.48.066, 7.48.078.

The ability of a court to close a place temporarily because obscene materials *may* have been sold, distributed, or exhibited on the premises is an impermissible prior restraint. We express no opinion with respect to what circumstances, if any, would justify a closure subsequent to a determination that conforms in all respects to the First Amendment.

## VI.

### SEVERABILITY

Appellants contend that the entire statute should not be invalidated merely because some portions are found to be unconstitutional. This argument is unpersuasive. The injunction and closing order provisions represent a vital part of the statutory scheme. To eliminate these enforcement provisions would essentially eviscerate the statute and "would create a program quite different from the one the [people] actually adopted." *Sloan v. Lemon*, 413 U.S. 825, 834, 93 S.Ct. 2982, 2987, 37 L.Ed.2d 939 (1973). This we decline to do. That the statute contains a severability clause, Wash. Rev.Code § 7.48.900, does not authorize us to indulge in major revisions to salvage the statute. *Id.* at 833–34, 93 S.Ct. at 2987. We are certain that the legislature of the State of Washington can do this better than we.

Affirmed.