**Steele HOLT and American Dog Owners Association, Inc., Plaintiffs,**

v.

**CITY OF MAUMELLE, ARKANSAS, and Jeff Wilkinson, Animal Control Officer, Defendants.**

**No. LR–C–86–643.**

United States District Court, E.D. Arkansas, W.D.

Nov. 20, 1986.

Larry Vaught, Little Rock, Ark., for plaintiffs.

Scott Vaughn, Little Rock, Ark., for defendants.

**ORDER**

ROY, District Judge.

A hearing was held on the Motion for Abstention on November 19, 1986. The Court ruled from the bench that it would abstain from exercising jurisdiction over the case, and these findings and conclusions are entered in accordance therewith. Plaintiffs have filed a Complaint and Motion for Preliminary Injunction, seeking declaratory and injunctive relief, challenging the constitutionality of an ordinance of the City of Maumelle, Arkansas. Plaintiffs seek relief under the Fourth and Fourteenth Amendments, 42 U.S.C. § 1983, and also allege pendent state law claims.

According to the allegations in the complaint, plaintiff Steele Holt is a resident of Maumelle, Pulaski County, Arkansas, and

is a citizen of the United States and is threatened with criminal prosecution provision of the ordinance challenged herein.

Plaintiff, American Dog Owners Association, is a Michigan nonprofit corporation whose members are dog owners residing throughout the United States including the State of Arkansas and City of Maumelle.

Defendant, City of Maumelle, is a municipality formed pursuant to the laws of the State of Arkansas.

Defendant, Jeff Wilkinson, is the animal control officer for the City of Maumelle and is sued both individually and in his official capacity.

The subject Ordinance purports to prohibit "Keeping of dogs substantially conforming to the standards of the American Kennel Club for American Staffordshire Terrier or Staffordshire Bull Terrier or the United Kennel Club for American Pit Bull Terrier ..." Concerning enforcement of the above provision, § 24 of the Ordinance provides:

> For the purpose of discharging the duties imposed by this Ordinance and enforcing its provisions, any police officer, and Health Department officer or any animal control officer is impowered to enter upon any premises upon which a dog or cat or animal is kept or harbored, and to demand, and secure the owner's exhibition of such animal.

Plaintiffs allege that the above-described Ordinance is vague and uncertain, that it infringes on an individual's right to be free from unreasonable searches and seizures, that the Ordinance was not filed in accordance with Arkansas law, and also violates Arkansas law relating to search and seizure involving animals.

The defendants contend that abstention is proper because there are unsettled questions of Arkansas state law that would be dispositive of this case precluding the necessity of deciding any constitutional questions. Plaintiffs argue that Ordinance 36 of the City of Maumelle is void for vagueness on its face and therefore incapable of an interpretation by state court which would pass constitutional muster. For this reason, plaintiffs submit that the motion to abstain should be rejected and that the federal court should hear the case on its merits.

The Supreme Court has recognized the wisdom of staying actions in the federal courts pending determination by a state court of decisive issues of state law. *Louisiana Power & Light Co. v. City of Thibodaux*, 360 U.S. 25, 27, 79 S.Ct. 1070, 1072, 3 L.Ed.2d 1058 (1959). Where the issue touches upon the relationship of City to State, or involves the scope of a previously uninterpreted state statute which, if applicable, is of questionable constitutionality, the Supreme Court has required district courts to stay their proceedings pending the submission of the state law question to state determination. *Id.*, 360 U.S. at 28, 79 S.Ct. at 1072. According to the defendants, the Ordinance in question has never been challenged in the Arkansas courts in light of Ark.Stat.Ann. §§ 19–2421 and 41–2961. Therefore, a decision as to the validity of the Ordinance as it relates to the Arkansas statutes could be dispositive.

The fact that the plaintiff has asserted a § 1983 claim does not prevent the Court from abstaining. Although federal courts have generally regarded vital questions of civil rights as the least likely candidates for abstention, they have repeatedly held that actions brought under the civil rights statutes are not exempt from the abstention doctrine. *George v. Parratt*, 602 F.2d 818, 819–20 (8th Cir.1979).

> Comparing the numerous civil rights cases in which abstention has been held appropriate (footnote omitted) with those cases in which the federal courts have declined to abstain, (footnote omitted), suggests several factors which should be considered by a trial court in deciding whether or not it should abstain.
>
> First, what effect will abstention have on the rights to be protected?
>
> \* \* \* \* \* \*
>
> Another factor to consider in determining whether abstention is appropriate is

whether there are available state remedies (footnote omitted).

\* \* \* \* \* \*

A third factor to be considered is whether the challenged state law is unclear. (footnote omitted).

\* \* \* \* \* \*

A fourth factor to consider is whether the challenged state law is fairly susceptible of an interpretation that would avoid any federal constitutional question. (footnote omitted)

\* \* \* \* \* \*

The last factor to consider is whether abstention will avoid unnecessary federal interference in state operations.

*Id.*, 602 F.2d at 820–822.

With respect to the first factor, it is clear that the plaintiffs' rights to challenge the validity of the Ordinance in question will not be affected by abstaining. They may bring a case in the state courts, or, if a criminal prosecution is commenced, they could defend the action on the grounds they have alleged in the instant complaint. There is nothing to prevent the plaintiffs from asserting their same causes of action in the state court system.

The plaintiffs have failed to allege that the state remedies would be futile or inadequate. As stated earlier, plaintiffs can bring suit in state court and allege that the City of Maumelle has exceeded the scope of its police powers under state law.

The Court is also of the opinion that the Ordinance is fairly susceptible of an interpretation that would avoid any federal constitutional question. The fact that a copy of the standards was not attached to the Ordinance would directly affect the validity of the Ordinance. Furthermore, whether the Ordinance conflicts with Arkansas state laws concerning search and seizure involving law relating to animals is a question that, once resolved, would directly affect the validity of the Ordinance. Furthermore, as indicated by the defendants, it is possible that § 24 of the Ordinance could be construed as not being in violation of the Fourth Amendment. There is no question that municipalities have the right to pass ordinances in the exercise of its police powers. Whether this type of ordinance exceeds that power has not been resolved by the Arkansas state courts, and resolution of this issue in favor of the plaintiffs would avoid the federal constitutional question.

Finally, it is the Court's opinion that abstention will avoid unnecessary federal interference in state operations. The ordinance in question is comprehensive, and its purpose is to protect the Maumelle citizens. The question of the validity of the Ordinance is more appropriately a matter to be resolved by the state judicial system.

The Court is of the opinion that this is a case involving issues of extreme local concern and one of substantial public importance. Abstention is necessary to avoid needless conflict with the administration by a municipality (or the state) of its own affairs. *Burford v. Sun Oil Co.*, 319 U.S. 315, 327, 63 S.Ct. 1098, 1104, 87 L.Ed. 1424 (1943); *See Alabama Public Service Commission v. Southern Railroad Co.*, 341 U.S. 341, 71 S.Ct. 762, 95 L.Ed. 1002 (1951). The parties on both sides feel very strongly about their respective positions. The City of Maumelle has a legitimate interest in enacting valid ordinances to protect the safety, health and welfare of its citizens. It is also understandable that those who have pets—many of whom have owned their dogs for a number of years—are greatly concerned about the enforcement of the ordinance in question. By the very local nature of the case, it lends itself particularly to resolution of this policy problem at the local level.

The plaintiffs in their brief have cited at length from the case of *Marjak, Inc. v. Cowling*, 626 F.Supp. 522 (E.D.Ark.1985). In that case, for special reasons set out therein, this Court refused to abstain and decided the issues involved therein. However, as indicated from the bench, the *Marjak* case is distinguishable from the case *sub judice*, in that *Marjak* involved a First Amendment right, which courts have more

closely guarded historically. It also involved an area of the law into which the federal courts have, for a number of reasons, chosen to become heavily involved. In the instant case, we are dealing with a question that seems better suited to local control.

In *Coley v. Clinton*, 479 F.Supp. 1036 (E.D.Ark.1979), *aff'd in part, modified in part, vacated in part, and remanded*, 635 F.2d 1364 (8th Cir.1980), this Court stated:

> To rule prematurely on the issues posed by the plaintiffs, this Court would be "forced to interpret state law without the benefit of state court consideration and therefore under circumstances where a constitutional determination is predicated on a reading of the statute that is not binding on state courts and may be discredited at any time—Thus, essentially rendering the federal court decision advisory and the litigation underlying it meaningless." *Moore v. Sims*, 442 U.S. 415, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979). The federal courts should not attempt to displace the state courts. (citations omitted).

It appears that through cleverly drafted pleadings state courts are displaced and far too many cases end up in federal court on alleged "constitutional" grounds. This was not intended when the state and federal systems were established.

In addition to the legal reasons which have been set out above, the Court is of the opinion that the interpretation of municipal ordinances by a federal court before state courts have had a chance to pass upon them is a very burdensome procedure. Arkansas is composed of 75 counties and every county has from five to ten or more municipalities. This means that the federal courts could be called upon to interpret hundreds of local ordinances when pleadings are artfully drawn.

This Court is of the opinion that a balance should be maintained which has historically been established between the state court system and the federal system. After having served on both the trial court and the appellate court level in the state system, I am confident that our state courts can effectively handle local problems which arise under local ordinances. Certainly, these matters should be left within their jurisdiction for all initial determinations. Invocation of the abstention doctrine in the instant case is not an abdication of the Court's responsibility, but is rather an exercise of equitable discretion which is warranted by the extremely local nature of the issues at stake. *See Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943).

> "Few public interests have a higher claim upon the discretion of a federal chancellor than the avoidance of needless friction with state policies * * *. These cases reflect a doctrine of abstention appropriate to our federal system whereby the federal courts, 'exercising a wise discretion', restrain their authority because of 'scrupulous regard for the rightful independence of the state governments' and for the smooth working of the federal judiciary * * *. This use of equitable powers is a contribution of the courts in furthering the harmonious relation between state and federal authority without the need of rigorous congressional restriction of those powers."

*Id., quoting from Railroad Commission v. Pullman Co.*, 312 U.S. 496, 501, 61 S.Ct. 643, 645, 85 L.Ed. 971 (1941).

The Court has also reviewed the Order entered by the District Judge in the Southern District of Florida, *Responsible Dog Owners of Florida, Inc. v. Board of Commissioners of Broward County*, No. 85–6743 (S.D.Fla. filed Jan. 9, 1986) [Available on WESTLAW, DCTU database]. Although the Ordinance in that case may vary somewhat from the Ordinance involved in the present case, they are nevertheless similar with respect to arguments that are being made in attacking the validity of the Ordinance. The Court in *Responsible Dog Owners* held that both types of vagueness challenges discussed in *Baggett v. Bullitt*, 377 U.S. 360, 84 S.Ct. 1316, 12 L.Ed.2d 377 (1964) were present. "Plaintiffs are unclear as to who is covered by the Ordinance

*and* unclear as to what conduct is required or prohibited." *Responsible Dog Owners,* No. 85–6743, slip op. at 3–4.

Since the second type of vagueness challenge is present, abstention is not required. However, the decision whether or not to abstain is one of discretion. *Harman v. Forssenius,* 380 U.S. 528, 85 S.Ct. 1177, 14 L.Ed.2d 50 (1965). The Court must therefore consider the factors enunciated in *Railroad Commission v. Pullman, supra.* The main factor is whether the challenged statute or regulation is fairly open to interpretation and there is reasonable room for a construction by the state courts which would moot or alter the federal issue. *See also, Harrison v. N.A.A.C.P.,* 360 U.S. 167, 79 S.Ct. 1025, 3 L.Ed.2d 1152 (1959). If so, abstention is appropriate.

*Id.,* slip op. at 3.

Based upon the foregoing, the Court hereby grants the Motion to Abstain. The Court thinks that all issues can probably be resolved in a state court proceeding, but this Court will dismiss the case without prejudice to the right of plaintiffs to reopen the case and litigate their federal claims in federal court at the conclusion of any state proceedings if the facts so warrant.

### JUDGMENT

In accordance with the Order entered this same date, the Court grants the Motion to Abstain. The Court hereby dismisses the case without prejudice to the right of plaintiffs to reopen the case and litigate their federal claims in federal court at the conclusion of any state proceedings if the facts so warrant.

ENTERED this 20th day of November, 1986.