NOVEMBER 9, 1981

No. 80–1604.   BROCKETT, SPOKANE COUNTY PROSECUTING ATTORNEY, ET AL. *v.* SPOKANE ARCADES, INC., ET AL. Affirmed on appeal from C. A. 9th Cir.

CHIEF JUSTICE BURGER, with whom JUSTICE POWELL and JUSTICE REHNQUIST join, dissenting.

The Court today affirms a decision of the Court of Appeals holding unconstitutional a Washington statute which has yet

either to be enforced in or construed by a Washington state court. I would abstain from decision until the Washington courts are given an opportunity to interpret the law which has been thus invalidated. This Court—and all federal courts—have enough to do without "pre-empting" state courts on matters initially of state concern.

The Washington "moral nuisance" law, Wash. Rev. Code § 7.48.050 *et seq.* (Supp. 1977)—a comprehensive statute directed at prohibiting the public sale and exhibition of obscene materials—was adopted as an initiative by the voters in the November 8, 1977, election. Before the statute was even certified by the Secretary of State, appellees, several corporations engaged in the exhibition, distribution, and sale of movies, books, and magazines, filed this action in the Federal District Court. On February 6, 1978, less than three months after the initiative's adoption, and apparently before it had ever been applied, the District Court declared the law unconstitutional. 449 F. Supp. 1145.

I have previously outlined the concerns that should lead a federal court to stay its hand in cases such as this, when litigants have deliberately avoided resort to the courts of the state whose statute is being challenged. *Vance* v. *Universal Amusement Co.*, 445 U. S. 308, 317–320 (1980) (BURGER, C. J., dissenting); cf. *Moore* v. *East Cleveland*, 431 U. S. 494, 521–531 (1977) (BURGER, C. J., dissenting); *Wisconsin* v. *Constantineau*, 400 U. S. 433, 439–443 (1971) (BURGER, C. J., dissenting). The policies of federalism and comity militate in favor of affording state judges—who are as capable as are federal judges of enforcing the Constitution of the United States, and have taken the same oath to do so—the initial opportunity to consider the scope and validity of state statutes. This is particularly so when the state law under consideration has never been applied, and when its interpretation is uncertain; in such a case the state court's construction of the statute may obviate the need for adjudication of the federal constitutional issues, or the state court may resolve those issues as we would. *Harrison* v. *NAACP*, 360 U. S.

167 (1959); *City of Meridian* v. *Southern Bell Tel. & Tel. Co.*, 358 U. S. 639 (1959); *Railroad Comm'n* v. *Pullman Co.*, 312 U. S. 496 (1941).

Here, the Court of Appeals invalidated portions of the nuisance law dealing with the issuance of temporary and permanent injunctions against establishments exhibiting "lewd" or "obscene" matter, on the grounds that, *inter alia*, (1) "[n]o limits are set forth in the statute to confine the discretion of the court to issue the temporary abatement injunction," 631 F. 2d 135, 138 (CA9 1980); (2) "there is no assurance that there will occur the required prompt final judicial determination on the merits," *ibid.*; and (3) "a defense of nonobscenity *presumably* is unavailable at a trial for violation of an injunction" (emphasis added), *ibid.*   Even a cursory examination of the lengthy statute—which contains detailed definitions of "lewd" or "obscene" matter incorporating the standards of *Miller* v. *California*, 413 U. S. 15 (1973), which provides for consolidation of the trial on the merits with the hearing on the temporary injunction and grants scheduling priority to cases brought under the statute, and which does not specify the defenses available in contempt proceedings—discloses that the state courts might well have construed the law so as to avoid each of these perceived deficiencies.   It is ironic that, having exhibited no hesitation to construe the many provisions of this complex statute without guidance from the state courts, the Court of Appeals wholly ignored an explicit severability clause and "declined" to preserve those parts of the statute *not* found unconstitutional, demurring that the reconstruction required to salvage the statute would be better handled by "the legislature of the State of Washington."   631 F. 2d, at 139.

In sum, both the District Court and the Court of Appeals should have declined to act until the parties had exhausted available state remedies, at least absent a showing that resort to the state courts would have been futile.   There was no need whatever for federal courts to render a declaratory

judgment as to the validity of a state law on which the state courts have not yet had an opportunity to speak and on behalf of parties against whom the law has not yet been applied. I would reverse and remand with directions to do now what should have been done initially.