PER CURIAM.
The appellant was indicted and tried for first degree murder. He was found guilty by a jury of the lesser included offense of second degree murder. He was adjudicated guilty and sentenced to life imprisonment.
*1237 Upon this appeal he urges that some of his statements to the police were obtained in violation of his constitutional privilege against self-incrimination and his right to counsel. See Harris v. State, 396 So.2d 1180 (Fla. 4th DCA 1981). In addition, he urges error in the admission into evidence of allegedly prejudicial photographs of the victim. See §§ 90.401-.4Ó3, Fla.Stat. (1981).
We have carefully examined the record in the light of each of these contentions and find that they are completely without support therein. The law upon the point directed to the statements of the accused is fully covered by that set forth in Nettles v. State, 409 So.2d 85 (Fla. 1st DCA), pet. for review denied, 418 So.2d 1280 (Fla.1982).
The photographs were relevant to show the repeated stab wounds, the nature of which negated an anticipated claim of self-defense. They were therefore properly admitted into evidence to help the court and the jury in finding the truth. See Booker v. State, 397 So.2d 910 (Fla.), cert. denied, 454 U.S. 957, 102 S.Ct. 493, 70 L.Ed.2d 261 (1981); Straight v. State, 397 So.2d 903 (Fla), cert. denied, 454 U.S. 1022, 102 S.Ct. 556, 70 L.Ed.2d 418 (1981); Edwards v. State, 414 So.2d 1174 (Fla. 5th DCA 1982).
Affirmed.