BSA, INC., a Washington corporation,
Plaintiff/Appellant,

v.

KING COUNTY, et al.,
Defendants/Appellees,

Ronald CHASE, Plaintiff/Appellee,

v.

PIERCE COUNTY, et al.,
Defendants/Appellants,

SUGAR'S, INC.,
Plaintiff/Appellee/Cross-Appellant,

v.

SNOHOMISH COUNTY, et al.,
Defendants/Appellants/Cross-Appellees.

Nos. 83–3991, 83–3999 to 83–4001
and 83–4310.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 5, 1984.

No. 83–4000 Resubmitted Sept. 13, 1984.

Decided Nov. 20, 1986.

Jack R. Burns, Burns & Meyer, P.S., Bellevue, Wash., for plaintiff/appellant.

Darrell L. Syferd, Seattle, Wash., Christine Quinn-Brinthall, Tacoma, Wash., John Dalton, Deputy Pros. Atty., Everett, Wash., for defendants/appellees.

Before ANDERSON, POOLE, and NELSON, Circuit Judges.

POOLE, Circuit Judge:

The three cases before us were consolidated on appeal. They involve constitutional challenges to ordinances from three counties in the State of Washington. The ordinances regulate or prohibit barroom nude dancing and other exposure characterized as non-expressive. The plaintiffs are owners and operators of adult entertainment businesses that feature live topless dancing and sell only non-alcoholic beverages. Each of the plaintiffs sued for declaratory and injunctive relief. No prosecutions have been brought under the ordinances.

## I. *The Ordinances Banning Public Exposure*

The Pierce County and Snohomish County ordinances prohibit public nudity, but do not apply to the following:

A. "Expressive dance" means any dance which, when considered in the context of the entire performance, constitutes an expression of theme, story, or ideas, but excluding any dance such as, but not limited to, common barroom type topless dancing which, when considered in the context of the entire performance, is presented primarily as a means of displaying nudity as a sales device or for other commercial exploitation without substantial expression of theme, story or ideas.

B. Play, opera, musical or other dramatic work;

C. Class, seminar, or lecture, conducted for a scientific, medical or educational purpose;

D. Nudity within a locker room or other similar facility used for changing clothing in connection with athletic or exercise activities.

Snohomish County Code, ("SCC"), § 10.04.-040 A–D; Pierce County Code, ("PCC"), § 35.02.308 A–D (substantially similar language).

Both Counties provide affirmative defenses to prosecution:

> It is an affirmative defense to a prosecution for violation of [the ordinance] that the nudity or other public exposure, when considered in the context in which presented, provided actual literary, artistic, political or scientific value and was not provided for commercial or sexual exploitation or with an emphasis on an appeal to a prurient interest.

SCC § 10.04.110; PCC § 35.02.309.

To summarize, the ordinances prohibit nude exposure except that which is "expressive dance", or that nudity connected with drama, science, education, or athletic locker rooms. "Common barroom type topless dancing" is expressly prohibited.

## II. Ban on Barroom Nude Dancing

### A. Protected Expression

The Counties contend that they can prohibit common barroom nude dancing and other non-expressive nudity because it is afforded no protection under the First Amendment. The Counties raise three alternative arguments to support this contention.

■ First, they assert that barroom nude dancing is not First Amendment activity because it is non-expressive and lacks any communicative element. This argument is controverted by *Schad v. Borough of Mount Ephraim*, 452 U.S. 61, 101 S.Ct. 2176, 68 L.Ed.2d 671 (1981), where the Court acknowledged that "nude dancing is *not* without its First Amendment protections from official regulation." *Id.* at 66, 101 S.Ct. at 2181 (emphasis supplied); *accord Doran v. Salem Inn, Inc.*, 422 U.S. 922, 932, 95 S.Ct. 2561, 2568, 45 L.Ed.2d 648 (1975); *Grand Faloon Tavern, Inc. v. Wicker*, 670 F.2d 943, 946 (11th Cir.), *cert. denied*, 459 U.S. 859, 103 S.Ct. 132, 74 L.Ed.2d 113 (1982); *Chase v. Davelaar*, 645 F.2d 735, 737 (9th Cir.1981).

Second, the Counties argue that even if the conduct is expressive, it is "obscene" and therefore unprotected. But, nudity alone is not sufficient to make material legally obscene. *Jenkins v. Georgia*, 418 U.S. 153, 161, 94 S.Ct. 2750, 2755, 41 L.Ed.2d 642 (1974); *Chase v. Davelaar*, 645 F.2d at 737.

In *Miller v. California*, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), the Court adopted a three part test for identifying "obscene" speech not protected by the First Amendment. The *Miller* test asks whether the work taken as a whole (1) "appeals to the prurient interest," (2) depicts sexual conduct in a "patently offensive way," and (3) "lacks serious literary, artistic, political, or scientific value." *Id.* at 24, 93 S.Ct. at 2614.

■ The ordinances challenged here omit the *Miller* requirement that the material be "patently offensive."[1] Thus, the prohibition extends beyond unprotected "obscenity," into the area of protected First Amendment activity.

■ Finally, the Counties argue that barroom nude dancing is totally unprotected because it is commercial speech. This argument was rejected in *Chase v. Davelaar*, where the court reasoned that topless dancing is not "related solely to the economic interests of the ... audience," nor does it propose a commercial transaction. *Id.* at 738. Moreover, even purely commercial speech is not without First Amendment protections. *Central Hudson Gas & Electric Corp. v. Public Service Comm'n*, 447 U.S. 557, 561–63, 100 S.Ct. 2343, 2348–50, 65 L.Ed.2d 341 (1980).

### B. Substantial Governmental Interest

■ Prohibition of a category of protected expression, including that which is sexually explicit, can be upheld only where it furthers a substantial governmental interest unrelated to suppression of free expression; and where the governmental interest

---

**1.** Because the affirmative defense impermissibly shifts the burden of proof to the defendant it must fail. Therefore, the ordinances also eliminate the *Miller* requirement that the conduct appeal to prurient interest. *See* discussion *infra* at 1110.

could not be served by a means less intrusive on First Amendment activity. *Schad,* 452 U.S. at 67, 70, 101 S.Ct. at 2181, 2183; *Young v. American Mini Theatres,* 427 U.S. 50, 71, 96 S.Ct. 2440, 2453, 49 L.Ed.2d 310 (1976) (a municipality's "interest in attempting to preserve the quality of urban life is one that must be accorded the highest respect.") (plurality opinion); *United States v. O'Brien,* 391 U.S. 367, 377, 88 S.Ct. 1673, 1679, 20 L.Ed.2d 672 (1968); *Tovar v. Billmeyer,* 721 F.2d 1260, 1264 (9th Cir.1983); *Ebel v. City of Corona,* 698 F.2d 390, 392 (9th Cir.1983).

### 1. *Pierce County*

Pierce County asserts that its ban on nude dancing will reduce the burden on law enforcement resources. PCC–Preamble. The County contends that nude dancing causes or encourages unlawful activity.

The district court found that the County's asserted justification was inadequate because there was no relationship between crime and topless dancing and there was no evidence of prostitution or organized crime at topless establishments. The district court also found that the County's interest in effective law enforcement was adequately served by the criminal laws.

■ Where a regulation places a substantial restriction on free expression, as does this ban on nude dancing, it is subject to strict scrutiny. *See Schad,* 452 U.S. at 71, 101 S.Ct. at 2184; *Harper v. Virginia Board of Elections,* 383 U.S. 663, 679, 86 S.Ct. 1079, 1088, 16 L.Ed.2d 169 (1966). This may require the trial court to "make factual findings on the validity of the ... assertions of harm and then closely scrutinize the ... ordinance's relationship to prevention of the alleged harms." *Ebel v. City of Corona,* 698 F.2d at 393; *Tovar v. Billmeyer,* 721 F.2d at 1266 (citing *Young,* 427 U.S. at 71, 96 S.Ct. at 2453). In *Kuzinich v. County of Santa Clara,* 689 F.2d 1345 (9th Cir.1982), the court noted that the government must show that the business has an impact "different" than other businesses to justify the restriction was intended to accomplish its stated purposes. *Id.* at 1348.

■ The Pierce County Sheriff presented testimony and data to the County Council that were designed to show that the "soda pop" topless dancing clubs caused and encouraged illicit activities such as prostitution, narcotics, and violence, and, therefore, such clubs had an added need for law enforcement services. The sheriff provided statistics on the number of police calls to the topless clubs.[2]

The data provided are not limited to calls to particular clubs, but include "the immediate vicinity." The record indicates that the areas where these clubs are located may be conducive to criminal activity by the combination of liquor taverns, inexpensive motels, and topless clubs.[3] No meaningful comparative statistics are provided on hotels where prostitution occurs, or the bars where alcohol is served. The data on police calls to two taverns is of little assistance given that there are fifty to seventy-five in the County. In sum, the County's proof does not show that topless dancing is anymore a cause of lawlessness than any of the other businesses.

Even if we found that the County had shown that topless dancing caused illegal activity and had thereby established a sub-

---

**2.** The data provided by the Sheriff's office show that twenty-five police calls were made to Night Moves Tavern in 1982; two prostitution, four fights, and the remainder were trouble with customer type calls. One hundred and five prostitution arrests were made at or in the "immediate area" of the New Players topless club in 1982. There were sixty calls to Harold's on various complaints from child pornography to suspicious persons. The reported contacts with the clubs from January, 1983, are overwhelmingly investigative contacts, house checks, and traffic accident calls. (PCR–25). The Sheriff concluded, based on this evidence, that barroom topless dancing inherently led to prostitution and lewd conduct.

**3.** Creek Water Dispensary is only several blocks from Harolds on South Tacoma Way. (PCR–25). Night Moves is only a block and a half from Harold's. (PCR–28–9). Night Moves shares a parking lot with a bowling alley that serves alcohol.

stantial interest in reducing the burden on law enforcement, the County has not shown that its interest could not be achieved by a means less intrusive on protected First Amendment activity.

An alternative means of reducing any additional burden on law enforcement caused by topless clubs seems available. The County tentatively approved another ordinance that set a yearly license fee of $500 for dancing establishments. (PCR–30–18). There was discussion of scaling the fee to approximate law enforcement costs. The ordinance also requires public dancing places where food or drink is served to be closed from 2:00 a.m. to 6:00 a.m. (PCR–30–12–30).

Zoning, operating hour limits, licensing fees, and distance requirements may well be sufficient to curb any additional burden placed on law enforcement by these establishments.

In summary, Pierce County has not shown that the topless clubs present more of a law enforcement problem than other establishments, or that the prohibition on nude dancing is necessary, or will abate the problem. Furthermore, the County has not carried its burden of showing that lesser restrictive alternatives would be inadequate. We, therefore, agree with the district court's finding that the ordinance violates the First Amendment.

### 2. *Snohomish County*

The Snohomish County ordinance was enacted for the purpose of discouraging prostitution and other illegal activity, and to protect business and residential communities. SCC–Preamble.

Snohomish County has not shown a substantial governmental interest to justify this ban on nude performances. Other than reports of several narcotics transactions at one club, the evidence before the County Council consisted of letters and petitions from church groups and ministers asserting that barroom nude dancing is corrupt and immoral; a sheriff's statement that topless dancing is perceived as vice-ridden, it corrupts public morals and is a drain on police resources; and testimony of several individuals that topless dancing is immoral, lewd, and degrading to womanhood. There are numerous biblical references. No empirical evidence was presented to the Council. (SCR–36).

■ Snohomish County's overriding purpose was to exclude barroom topless dancing because some found· it morally offensive. As such, the County's interest in this ban on nude performances is directly related to the suppression of free expression. This is not a legitimate governmental interest, thus the restriction violates the First Amendment. *See Ebel v. City of Corona,* 698 F.2d at 393 (citing *Kuzinich v. County of Santa Clara,* 689 F.2d 1345).

Snohomish County has available lesser restrictive means of serving its interest in improved law enforcement, *see* discussion *supra* at 1108–1109. The County has not shown that these alternatives would not adequately protect their interests. Hence, the ban on barroom nude performances must be invalidated.

### C. Overbreadth

The district court also found that the ban on nude dancing was invalid because the ordinances were substantially overbroad.

■ Initially, the Counties contest plaintiffs' standing to raise the overbreadth challenge, arguing that plaintiffs cannot assert the interests of absent third parties. This argument fails because plaintiffs do not need vicarious standing. As owners and operators of establishments offering nude entertainment they are personally threatened with prosecution should the ordinance be upheld. *See Warth v. Seldin,* 422 U.S. 490, 498–99, 95 S.Ct. 2197, 2204–05, 45 L.Ed.2d 343 (1975). Here, "the parties challenging the statute are those who desire to engage in protected speech that the overbroad statute purports to punish * * * ". *Brockett v. Spokane Arcades, Inc.,* 472 U.S. 491, 105 S.Ct. 2794, 2802, 86 L.Ed.2d 394 (1985).

The Supreme Court has invalidated statutes that are facially overbroad in that they sweep in a broad range of First Amendment protected expression. *Interstate Circuit, Inc. v. City of Dallas*, 390 U.S. 676, 88 S.Ct. 1298, 20 L.Ed.2d 225 (1968); *Freedman v. Maryland*, 380 U.S. 51, 85 S.Ct. 734, 13 L.Ed.2d 649 (1965). Where that expression is "conduct" and not speech, "the overbreadth of a statute must not only be real, but *substantial* as well, judged in relation to the statute's plainly legitimate sweep." *Broadrick v. Oklahoma*, 413 U.S. 601, 615, 93 S.Ct. 2908, 2917, 37 L.Ed.2d 830 (1973) (emphasis added); *Chase v. Davelaar*, 645 F.2d at 738.

The legitimate application of the Pierce and Snohomish ordinances is the prohibition on obscene nudity. The overbreadth challenge arises because the ordinances also prohibit non-obscene nude performances. Ultimately, only one prong of the three part *Miller* "obscenity" test is preserved by these ordinances.

First, the ordinances do not require that the nudity be "patently offensive." Second, although the affirmative defense has "appeal to prurient interest" requirement, it cannot be used because the affirmative defense must fail. It impermissibly shifts to the defendant the burden of proving the activity did not appeal to prurient interests, and, therefore, is protected expression. The Supreme Court held in *Patterson v. New York*, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977), that the Due Process Clause requires the prosecution to prove all the "elements included in the definition of the offense." *Id.* at 210, 97 S.Ct. at 2327. Given that the County can only prohibit conduct that is "obscene," it has the burden of proving the activity falls within that category.

Also, the Supreme Court has held that the burden of proving that the material is unprotected "must rest on the censor." *Southeastern Promotions, Ltd. v. Conrad*, 420 U.S. 546, 560, 95 S.Ct. 1239, 1247, 43 L.Ed.2d 448 (1975) (prior restraint); *Spokane Arcades, Inc. v. Brockett*, 631 F.2d 135, 138 (9th Cir.1980), *aff'd* 454 U.S. 1022, 102 S.Ct. 557, 70 L.Ed.2d 468 (1981).

Here the Counties argue that the ordinances are not substantially overbroad because they allow nude dancing in most instances: expressive dance, (substantial story, theme, or ideas); drama, science and educational classes, and in athletic locker rooms.

Essentially, the Counties have narrowed the category of expression which is afforded First Amendment protection. Only nude dancing with a substantial expression of story, theme, or ideas, and nudity connected with drama, science, or education, or in athletic locker rooms is protected. The restriction is substantially overbroad. Barroom nude dancing is totally banned. Nude modeling for artists is unprotected, as is exposure by models in a fashion show.

Before a statute which has not been enforced or authoritatively interpreted can be invalidated by a facial challenge for overbreadth, the court must determine whether there is a "readily apparent construction [by a state court] ... for rehabilitating the statute[ ] in a single prosecution." *Dombrowski v. Pfister*, 380 U.S. 479, 491, 85 S.Ct. 1116, 1123, 14 L.Ed.2d 22 (1965).

The Counties assert that the affirmative defense would provide ample safeguards for unintended defendants, but that defense is invalid. There is no readily apparent construction which would allow the ordinances to be applied in a constitutional manner, nor has any been suggested by the Counties.

We find that these ordinances violate the First Amendment and cannot be given effect. We need not reach the district court's further ruling that the ordinances were unconstitutionally vague.

### III. *Distance Requirements*

King County and Snohomish County require all nude entertainment to be performed on a stage eighteen inches high and six feet from the nearest patron. King

County Ordinance No. 7216 § 8(A)(6)[4]; SCC § 10.04.100. The purpose of the section is to deter sexual contact and illegal touching between performers and patrons. The district court held that this was a reasonable time, place, or manner regulation permissible under the First Amendment.[5] We affirm.

We note at the outset that BSA and Chase have failed to explain how the distance requirement impinges upon their First Amendment rights. The requirement does not prohibit nude entertainment. It also does not diminish the expressiveness of nude entertainment. There is no allegation that the distance between entertainer and patron is an integral part of the expressive activity, or that "the viewing public is [less able] to satisfy its appetite for sexually explicit fare." *Young v. American Mini Theatres, Inc.*, 427 U.S. at 62, 96 S.Ct. at 2448.

 Even assuming, however, that the distance requirement does burden protected expression, it is a valid place or manner regulation. Regulations of the time, place, or manner of protected speech will be upheld if necessary to further significant governmental interests. *Ellwest Stereo Theatres, Inc. v. Wenner*, 681 F.2d 1243, 1245 (9th Cir.1982). Curtailing public sexual contact and sexual criminal offenses represents a significant state interest. *Id.*

The six-foot/eighteen inch distance requirement furthers this interest by keeping nude entertainers just out of reach of the nearest patron. The district court therefore properly found that the requirement constitutes a valid place or manner regulation.[6]

BSA, however, further raises a procedural challenge to the manner in which the King County ordinance was adopted. The district court found that the King County Council considered no evidence regarding the need for the distance requirement before adoption of the ordinance. Nevertheless, the district court concluded that King County adequately justified the ordinance by introducing at trial affidavits from two police officers. Both officers described their observations of sexual contact between patrons and dancers and concluded that such incidents decreased after the passage of the distance requirement.

BSA argues that the County's *post facto* justification was impermissible. It asserts that a "claim of governmental interest must be supported by empirical, factual evidence actually considered at the time an ordinance is passed."

BSA's contention fails on three grounds. First, it is sufficient that the County was able to present some evidence at the time of trial. In *Schad*, 452 U.S. at 72, 101 S.Ct.

---

4. When this appeal was initiated the applicable KCC § 6.08.050(A)(6) provided:

 No employee as described in subdivisions 1 and 2 of this subsection whose breasts and/or buttocks are exposed to view shall perform elsewhere in a public place than upon a stage at least eighteen inches above the immediate floor level and removed at least six feet from the nearest patron.

 On May 28, 1985, the King County Council passed County Ordinance Number 7216 which amended former KCC § 6.08.050(A)(6) to read as follows:

 No employee or entertainer shall have their breasts below the top of the areola or any portion of the pubic hair, vulva or genitals, anus and/or buttocks exposed to view except upon a stage at least eighteen inches above the immediate floor level and removed at least six feet from the nearest patron.

 Counsel for King County thereafter moved to dismiss the appeal as moot because of the amendment. It is obvious from a mere reading

of the two provisions that the height and distance requirements of both enactments are the same in the respects material to this case. Furthermore, the identical issue is raised in *Sugars, Inc. v. Snohomish County.* Accordingly the motion to dismiss as moot is denied.

5. We vacated submission in *Sugar's v. Snohomish County*, No. 83–4000, and remanded to the district court to allow a correction of the judgment as it appeared the district court had omitted its denial of the challenge to the distance requirement. The case was resubmitted after the amended order denying the plaintiff's challenge was received by this court.

6. The Washington Court of Appeals upheld the same distance requirement that is involved in this case as a reasonable time, place or manner regulation. *County of King ex rel. Sowers v. Chisman*, 33 Wash.App. 809, 814, 658 P.2d 1256, 1260 (1983).

at 2184, the Supreme Court implied that the city could have justified its "substantial restriction of protected activity" by presenting evidence at trial. BSA provides no authority requiring that a legislative body need function like a court of law every time it considers legislation that may implicate the First Amendment.

Second, the cases cited by BSA in which courts have required a "factual basis" all involve ordinances that substantially restrict protected speech. *CLR Corp. v. Henline,* 702 F.2d 637 (6th Cir.1983); *Kuzinich v. County of Santa Clara,* 689 F.2d 1345 (9th Cir.1982); *Basiardanes v. City of Galveston,* 682 F.2d 1203 (5th Cir.1982); *Avalon Cinema Corp. v. Thompson,* 667 F.2d 659 (8th Cir.1981); *Keego Harbor Co. v. City of Keego Harbor,* 657 F.2d 94 (6th Cir.1981); *Fantasy Book Shop, Inc. v. City of Boston,* 652 F.2d 1115 (1st Cir.1981). In this case the distance requirement imposes at most a minimal restriction on First Amendment activity.

Third, there is no evidence indicating that King County passed the distance requirement to suppress protected speech rather than to deter illegal sexual contact. Given this, there is no reason to require a "factual basis" in support of the ordinance. Accordingly, Sugar's challenge that Snohomish County's factual findings were inadequate must also fail.

■ The requirement clearly furthers a legitimate goal, is adapted to accomplish that end, and imposes at most a very minimal restriction on protected activity. Hence, we find no error.

## IV. *Attorney's Fees*

### A. BSA

BSA appeals from the district court's denial of its request for attorneys' fees under 42 U.S.C. § 1988. We affirm.

The party seeking attorneys' fees under § 1988 must be the "prevailing party."

The district court found that BSA was not the prevailing party. We review this finding of fact under the clearly erroneous standard. *Lummi Indian Tribe v. Oltman,* 720 F.2d 1124, 1125 (9th Cir.1983).

■ Here BSA sought a permanent injunction against enforcement of the entire King County ordinance. The district court did enjoin enforcement of two of the ordinance's sections.[7] However, it upheld the major provisions against BSA's attack. Given BSA's limited success, the district court's finding was not clearly erroneous.

### B. Sugar's

Snohomish County challenges the district court's award of $2,948.75 in attorney's fees to Sugar's.

■ The County challenges the hourly rate set by the district court. Sugar's requested $125 per hour. The district court set the rate at $100 per hour for in-court work and $75 per hour for out-of-court work. The County contends that the hourly rate should have been $65, but has not shown the prevailing market rates for similar service (civil rights suits) by lawyers of reasonably comparable skill and reputation would be $65 or that the fee set by the court was unreasonable. *See Blum v. Stenson,* 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). The district court did not abuse its discretion in setting the rate. Nor did the court err in finding that Sugar's was the prevailing party.

We remand, however, because it appears that the district court may have awarded fees for claims on which Sugar's did not prevail.

Sugar's sought a permanent injunction against enforcement of the entire ordinance, expressly challenging eight sections. The district court enjoined enforcement of three. Given this, the district court should have made "clear that it had considered the relationship between the extent of success

---

**7.** The district court enjoined enforcement of the following two sections: (1) § 6.08.050(D)(1) which excluded 18 to 21 year olds from adult entertainment studios and (2) § 6.08.050(F)(2) which prohibited convicted felons from obtaining a license to operate an adult entertainment studio.

and the amount of the fee award," *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), before awarding the entire amount of fees requested.

## V. *Conclusion*

The district court correctly found that the ban on nude dancing violated the First Amendment. The court was also correct in ruling that the distance requirement was a proper place and manner restriction, and that BSA was not a prevailing party entitled to attorney's fees. We remand the attorney's fee award to Sugar's for reconsideration in light of *Hensley v. Eckerhart.*